UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CURTIS A. FLETCHER                                          CIVIL ACTION

VERSUS

LOUISIANA DEPARTMENT OF                            NO. 19-00593-BAJ-RLB
TRANSPORATION AND
DEVELOPMENT

## RULING AND ORDER

Before the Court is the **Defendant's Motion for Judgment on the Pleadings (Doc. 6)**. The Motion is Opposed (Doc. 13).

Plaintiff, Curtis Fletcher, seeks damages and declaratory and injunctive relief under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*, which prohibits discrimination against a qualified individual with a disability because of the disability of such individual in any of the "terms, conditions [or] privileges of employment," 42 U.S.C. § 12112(a). (Doc. 1-1). Plaintiff alleges that his employer, the Louisiana Department of Transportation and Development (DOTD), violated the ADA by failing to provide him with the reasonable accommodation of using his annual accrued leave in lieu of sick leave until he was cleared for work; failing to engage in an interactive process to identify and determine alternative reasonable accommodations[1], and terminating his employment because of his

---

[1] "Under the ADA, once the employee presents a request for an accommodation, the employer is required to engage in [an] interactive process so that *together* they can determine what reasonable accommodations might be available." *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 700 (5th Cir. 2014) (quoting *E.E.O.C. v. Chevron Phillips Chemical Co. LP*, 570 F.3d 606, 622

1

disability. *Id.* at 4.

Defendant moves for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) on the basis of sovereign immunity or, in the alternative, that Plaintiff has not established that he is a "qualified individual with a disability" within the meaning of the ADA.

For the reasons discussed below, the Motion is granted.

## I. Background

### A. Plaintiff's Allegations

Plaintiff began his employment with the DOTD on July 9, 1990 as an engineer. (Doc. 1-1 at ¶ 8). His employment continued until his termination on October 9, 2014. *Id.* Plaintiff contends that, at all relevant times, he "was an 'individual with a disability' within the meaning of 42 U.S.C. § 12102, as he suffers from hypertension and resulting dizziness, which have, at times, rendered him unable to work or drive." *Id.* at ¶ 10.

While employed for the Defendant, Plaintiff's condition worsened "such that he became temporarily unable to work." *Id.* at ¶ 11. As a result, Plaintiff requested, and was approved for, leave under the Family and Medical Leave Act of 1993 (FLMA), 29 U.S.C. § 2601 *et seq. Id.* His leave began on May 7, 2014 and terminated on August 6, 2014. (Doc. 2 at ¶ 11). During this period of leave, Plaintiff sought treatment from various medical professionals. Plaintiff's "blood pressure continued

---

(5th Cir. 2009). "[W]hen an employer's unwillingness to engage in a good faith interactive process leads to a failure to reasonably accommodate an employee, the employer violates the ADA." *Cutrera v. Board of Sup'rs of Louisiana State University*, 429 F.3d 108, 112 (5th Cir. 2005).

2

to fluctuate and his dizziness progressed to the point where [he] was temporarily unable to drive." *Id.*

On August 6, 2014, Plaintiff received an email from Defendant, stating "(i) [Plaintiff's] FMLA leave had expired; (ii) [Plaintiff's] second request for leave was being denied, as such requests are limited to one per year; and (iii) [Plaintiff's] continued leave would be considered sick leave as opposed to FMLA leave." (Doc. 1-1 at ¶ 13). Plaintiff then utilized his accrued sick leave "to the fullest extent allowed by DOTD policy." (Doc. 6-1 at p. 3).

On September 18, 2014, Defendant "issued a Pre-Deprivation Notice of Non-Disciplinary Removal" to Plaintiff, which claimed that "[Plaintiff's] disability together with his exhaustion of sick leave required his termination under applicable Civil Service Rules." (Doc. 1-1 at ¶ 14, Doc. 2 at ¶ 14). Four days later, Plaintiff updated Defendant on his condition by email and requested "the reasonable accommodation" of using his accrued annual leave to take time to recover until he was cleared for work by a physician. (Doc. 1-1 at ¶ 15). This request was denied, "without engaging in any interactive process", (Doc. 1-1 at ¶ 17), and Plaintiff was terminated on October 14, 2014. (Doc. 1-1 at ¶ 18).

### B. Procedural History

Plaintiff filed suit in Louisiana state court, alleging that the following acts or omissions violated the ADA:

1. Defendant's failure to provide the reasonable accommodation of permitting Plaintiff to use his annual accrued leave in lieu of sick leave until his physician cleared him to work;

3

2. Defendant's failure to engage in an interactive process to identify and determine alternative reasonable accommodations; and

3. Defendant's termination of Plaintiff due to his disability.

(Doc. 1-1 at ¶ 21, Doc 6-1 at p. 4).

Defendant timely removed the action to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. Defendant subsequently filed this Motion for Judgment on the Pleadings under Rule 12(c).

## II. Discussion

### A. Standards

Rule 12(c) provides that, after the pleadings are closed but early enough not to delay trial, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam).

The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002)). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

4

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### B. Sovereign Immunity

The Eleventh Amendment to the Constitution of the United States bars a state from being sued in federal court by its own citizens, citizens of other states, or foreign nations. U.S. Const. Amend. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Cox v. City of Dallas*, 256 F.3d 281, 307 (5th Cir. 2001) (citing *Bd. of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001)). "When a state agency is named the defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity." *Cozzo v. Tangipahoa Parish Council--President Government*, 279 F.3d 273, 281 (5th Cir. 2002). The DOTD is an arm of the state for purposes of the Eleventh Amendment. *See Robertson v. Louisiana*, No. CV

17-00138-BAJ-EWD, 2018 WL 1077303, at *4 (M.D. La. Feb. 26, 2018) (finding "DOTD is an arm of the State of Louisiana and is thus entitled to Eleventh Amendment immunity"); *Lambert v. Kenner City*, No. Civ. 04-2192, 2005 WL 53307 (E.D. La. Jan. 5, 2005) (same).

There are two ways to circumvent sovereign immunity: abrogation and waiver. The Supreme Court in *Garrett* held that Congress did not validly abrogate states' immunity from suits from money damages by passing Title I of the ADA. *Garrett*, 521 U.S. at 374. The Court noted that it did not foreclose all federal remedies under Title I of the ADA. "Title I . . . still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)." Plaintiff has not sued any state officer in their official capacity. Thus, to succeed on his claims Plaintiff must show that the Defendant waived its immunity. The Court will generally find waiver if "the state voluntarily invokes its jurisdiction . . . or if the state makes a 'clear declaration' that it intends to submit itself to the court's jurisdiction." *AT&T Communications v. BellSouth Telecommunications Inc.*, 238 F.3d 636, 643–44 (5th Cir. 2001) (citations omitted).

The Fifth Circuit has recognized that "state sovereign immunity consists of two separate and different kinds of immunity, immunity from suit and immunity from liability." *Myers, ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005). These two kinds of immunity can be relinquished or retained independent of each other.

*Id.* at 254. When a state removes a case to Federal court, it waives sovereign immunity from suit. *Id.* at 255 (citing *Lapides v. Bd. of Regents*, 535 U.S. 613 (2002)). However, whether the state retains a separate immunity from liability is an open question, based on the law of each state. *Id.*

Defendants argue that Louisiana has not waived its immunity for Title I of the ADA. They point to several cases to support this assertion, including *Harris v. La. Office of Juvenile Justice*, No. CV 18-13356, 2019 WL 2617175 (E.D. La. June 26, 2019). There, the court held that even after waiving liability from suit by removing a claim from state court, the State of Louisiana had not waived its immunity from liability under Title I of the ADA. *Id.* at *4.

The Plaintiff argues that the Louisiana legislature waived immunity from Title I liability when it enacted La. R.S. 13:5106(A), which states: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." Following the plain language of this provision, Plaintiff asserts, "the only immunity that the State of Louisiana enjoys is immunity from suit in federal court," which it waived by removing the case. (Doc. 13 at p. 4). Plaintiff also argues that Article XII § 10(A) of the Louisiana Constitution, which reads, "Neither the state, a state agency, nor a political subdivision shall be immune from liability in contract or for injury to person or property," is an "unequivocal waiver of sovereign immunity in tort and contract." *Id.*

**C. Analysis**

The Louisiana constitution features two provisions which govern state waiver of sovereign immunity. Article XII, § 10(A), provides that the state is not "immune

7

from suit and liability in contract or for injury to person or property." Article I § 26, states:

> The people of this state have the sole and exclusive right of governing themselves as a free and sovereign state; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, pertaining thereto, which is not, or may not hereafter be, by them expressly delegated to the United States of America in congress assembled.

As the Louisiana Supreme Court noted in *Holliday v. Bd. of Supervisors of La. State Univ. Agric. and Mechanical College*, 2014-0585 (La. 10/15/14); 149 So. 3d 227, 229, Article I "makes it clear [that] the State has not waived its sovereignty within the federal system." In *Holliday*, a plaintiff sued her state employer in Louisiana state court for violations of the FMLA. Following *Coleman v. Maryland Court of Appeals*, 566 U.S. 30 (2012), where a plurality of justices held that Congress had not validly abrogated the states' immunity under the self-care provision of the FMLA, the Louisiana Supreme Court then held that Louisiana had not waived its immunity from suit under the FMLA based on adoption of FMLA terms in an employment contract.

Louisiana's Second Circuit Court of Appeal adopted this logic and applied it to Title I of the ADA. *Reed-Salsberry v. State Through the Dep't of Pub. Safety & Corr., Youth Servs., Office of Juvenile Justice*, 51,104 (La. App. 2 Cir. 2/15/17), 216 So. 3d 226, 230, writ denied sub nom. *Reed-Salsberry v. State through Dep't of Pub. Safety & Corr., Youth Servs.*, 2017-0494 (La. 5/26/17), 221 So. 3d 81. The plaintiff in *Reed-Salsberry* argued that "by virtue of La. Const. Art. 12 § 10(A), the State [] waived its sovereign immunity because the [] matter [arose] from her employment contract." *Id.* She also contended that "there was a specific waiver by the department

8

head, as well as an implied waiver through the actions of the State's agents," such as adopting the ADA in the department's personnel policies. *Id.* The Court rejected these arguments and held that none of these actions constituted waiver of immunity for ADA claims. *Id.*

The plaintiffs in *Holliday* and *Reed-Salsberry* unsuccessfully argued that their employers had adopted federal law in their employment contracts or actions. Plaintiff makes no such argument here. Instead, Plaintiff merely argues that Article XII § 10(A) is an unequivocal waiver of immunity. That is clearly not the case based on the relevant case law. Louisiana's immunity as a sovereign remains intact and serves as a bar to recovery of damages and injunctive relief from claims asserted against Louisiana under Title I of the ADA.

Therefore, the Court finds that *Harris* is controlling on this issue and that the Plaintiff's claim must be dismissed under Rule 12(c). Because the Court has determined that Defendant has waived its immunity to suit, it may exercise its subject matter jurisdiction over this case. However, Defendant has not waived its immunity from liability. "The Court's dismissal of plaintiff's federal claims on the basis of defendant's immunity from liability is not jurisdictional and instead constitutes an adjudication on the merits." *Harris*, 2019 WL 2617175, at *4. As such, the Court dismisses this case with prejudice.

### III. Conclusion

Although Louisiana waived its immunity from suit by removing the case to federal court, it has not waived its immunity from liability under Title I of the ADA. The Court must grant judgment in Defendant's favor on the ADA claims.

9

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED**, and claims against Defendant are dismissed with prejudice.

Baton Rouge, Louisiana, this 10th day of November, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**